## POTTS v MILLER JR.

Ohio Appeals, 9th Dist, Summit Co.

No. 3047.   Decided Nov. 11, 1938

Musser, Kimber & Huffman, Akron, for appellant.

Smoyer, Kennedy, Smoyer & Vogel, Akron, and W. A. Woodling, Akron, for appellee.

## OPINION

By WASHBURN, J.

John Potts was plaintiff in the trial court and is the appellant in this court. Stephen Miller was the defendant and is now the appellee.

On the evening of June 20, 1937, Potts was driving a car westerly, and Miller was driving a car easterly, on a main improved highway known as Route 18, and at a point between Brimfield and Tallmadge their cars collided. The pavement was slightly over 20 feet wide, and there was a gravel berm at least 6 feet wide on each side thereof. The night was rainy, and the pavement was slippery. There were other occupants in each car.

Very shortly before the collision, Potts passed a Ford car traveling in the same direction he was going, and of course he drove on his left-hand side of the highway in passing said car.

Shortly after the accident and while Miller was in the hospital, Potts brought this suit against Miller to recover for personal injuries and property damage. He offered evidence tending to prove that he completed the passing of the Ford car and returned to his right-hand side of the road, that while proceeding on his side of the road the Miller car was so operated that one wheel was on the berm, that as Miller attempted to return to the pavement his (Miller's) car suddenly skidded across the highway and in front of Potts' car, and that the left front end of Potts' car collided with the rear left side of the Miller car.

Miller filed a cross-petition, and offered evidence tending to prove that the Potts car, after passing the Ford car, continued on the left side of the highway and that he (Miller), in attempting to avoid being run into, turned his car slightly to the right, and that the left rear portion of his car was struck by the left front portion of the Potts car while his (Miller's) car was wholly on its proper side of the highway.

Thus Potts claimed that the collision occurred on his right side of the high-

way, and Miller claimed that the collision occurred on his right side of the highway, and there is a decided conflict in the evidence as to just where the collision occurred, not only as to the testimony of the occupants of the cars but as to the testimony of others as to the position of the cars after the collision, and as to the marks on the highway and other physical facts and the inferences to be drawn therefrom.

The jury found for Miller on his cross-petition and against Potts.

It is urged by counsel for Potts that the physical facts are such as to justify the court in setting aside the verdict of the jurors, who evidently believed the testimony favorable to Miller's contention and concluded that the inferences from the physical facts supported his contention.

A careful reading and consideration of the record leads us to ▮▮▮▮▮ the unanimous conclusion that the record is not such as to justify our setting aside the verdict for the reasons urged by counsel.

In charging the provisions of §12603, GC as to speed, the court assumed that the rate of speed was that applying to territory outside of a municipality, and it is claimed that this was error.

The question of whether the place of the collision was within or without a municipality was not raised at the trial, and apparently no one connected with the trial thought of the possibility that in a township having a small town the territory included in the municipality might embrace the whole township, which it is now conceded is the fact.

In his petition Potts alleged that the collision occurred on Route 18 "at a point between two and three miles east of Tallmadge."

It is apparent that there is nothing in the appearance of the place to suggest that the place of the accident was within a municipality, and such evidence as there is in the record as tends to indicate anything on the subject is all to the effect that the place was in the country, far removed from a municipality.

It appears in the evidence that the place of the collision was, as alleged by Potts, two and one-half miles from Tallmadge, the town in question. And further, counsel for Potts propounded to a witness on cross-examination, concerning the place of the accident. the following question: "I say it was out in the country?" and the witness answered "Yes"; and after the witness, in answer to another question, testified that in Pennsylvania the law allowed a speed of 50 miles at such a place, counsel for Potts remarked, "forty-five in Ohio."

The assumption was justified, and the court did ▮▮▮▮▮ not err in reference thereto.

At the request of counsel for Miller, the court charged, before argument, that if Miller was operating his automobile in a lawful manner at the time of the collision he had a right to assume that Potts, "while proceeding westerly upon said road, would operate his motor vehicle to the right of the center line thereof, and that he would operate it in the exercise of ordinary care and caution."

Complaint is made that this permitted Miller to assume that Potts would do that which Miller knew that Potts was not doing.

As applied to the record, such complaint is not justified.

There is nothing in the record to justify the claim that Miller, after discovering that the Potts car was on Miller's side of the road, acted upon, nor was it claimed that he acted upon, such assumption; in view of the record, the only application such charge could have or was intended to have, was as to Miller's conduct before he discovered the presence of the Potts car, and we do not find that there is any probability that the jury understood or was likely to understand that the charge applied otherwise. We find no prejudicial error as to such claim.

Applying to both Miller and Potts, the court read the provision of §12603, GC, relating to driving a car so as to be able to bring it to a stop within the

assured clear distance ahead, and, also applying to both parties, the court read the statute (§6310-22, GC) concerning the duty of drivers of cars to give signals of intention to turn, stop or change the course of the same.

We agree that said sections of the statutes were not applicable to the situation presented by the record. While the giving of them was not helpful, we find no basis for saying that it was harmful, or that it was likely to mislead the jury. The error was not prejudicial.

Counsel have called our attention to other claimed errors in the charge, which we have examined.

We find no prejudicial error in the charge, and we find that the verdict of the jury is not manifestly against the weight of the evidence.

Judgment affirmed.

STEVENS, PJ. & DOYLE, J., concur.